CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 22, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| SAMUEL SMITH,   )<br>　　Plaintiff,　　　　　　　)<br>　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>DUFFIELD FACILITY SWVRJA, et al.,　)<br>　　Defendants.　　　　　　)  | Case No. 7:24-cv-00146<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

Samuel Smith, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail Authority (SWVRJA) and two officers employed at the regional jail in Duffield, Virginia. Smith seeks to hold the defendants liable under 42 U.S.C. § 1983 for failing to provide him adequate time to perform legal research. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.   Background

Smith is currently incarcerated at the regional jail in Duffield. He alleges that he has "a case pending in the courts" and that he is not receiving a full hour to use the computer kiosk to perform legal research. Compl., ECF No. 1, at 2. Instead, he is having to do research during the allotted time for recreation. Id. In his request for relief, Smith indicates that he is seeking monetary damages and an order requiring that he "be able to access the law library when needed." Id. at 3.

## II.     Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still state a claim to relief that is plausible on its face." Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019).

## III.     Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

---

\* Unless otherwise noted, the court omits internal quotation marks and citations throughout this opinion.

deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The court construes Smith's complaint as attempting to assert a constitutional claim for denial of access to the courts. In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court "held that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners adequate law libraries or adequate assistance from persons trained in the law." Lewis v. Casey, 518 U.S. 343, 346 (1996). The Court's subsequent decision in Lewis explained that "Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355. Instead, "[t]he tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Id.

The Supreme Court has also made clear that an inmate alleging a violation of the right of access to the courts must identify an "actual injury" resulting from the denial of access. Id. at 349–351; see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (emphasizing that a prisoner must "identify an actual injury" resulting from the denial of access and "cannot rely on conclusory allegations"). To satisfy the "actual injury" requirement, a plaintiff "must identify a nonfrivolous, arguable underlying claim" that has been frustrated or impeded as a result of the defendants' actions. Christopher v. Harbury, 536 U.S. 403, 415 (2002). Thus, "the underlying cause of action, whether anticipated or lost, is an element that must be described

in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Id.

Smith's complaint does not satisfy the "actual injury" requirement. Although he alleges that he has a case pending, he does not describe the case in specific enough terms to satisfy the "nonfrivolous test." Id. at 416. Nor does he explain how the case has been frustrated or impeded as a result of not having additional time to preform legal research. Because Smith does not allege facts that would allow the court to reasonably infer that he has been hindered in pursuing a nonfrivolous claim, his complaint fails to state a claim for denial of access to the courts.

### IV. Conclusion

For the foregoing reasons, the court concludes that Smith's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days. An appropriate order will be entered.

Entered: April 19, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.19 16:35:28 -04'00'

Michael F. Urbanski
Chief United States District Judge